UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THALMERS RAY JAMES,<br><br>                       Plaintiff,<br><br>  v.<br><br>LT. PETER CROPP, PAUL PASTOR, and PIERCE COUNTY,<br><br>                       Defendants. | No. C12-5159 RJB/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP). The Court has reviewed Plaintiff's civil rights complaint. ECF No. 9. At this time, the Court will not serve the complaint because it is deficient. Plaintiff shall be given an opportunity to submit an amended complaint, as explained below.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 570.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

ORDER TO AMEND OR SHOW CAUSE- 2

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges that he was arrested and taken to the Pierce County Detention Center (PCDC) for possession of an illicit drug, DWI and driving with suspended license on October 24, 2011. At the time of his arrest, he had $900.00 in cash in his possession. He claims this was money he received from a federal PELL grant and Stafford student loan. ECF No. 9. The $900.00 was taken from him at the time of his arrest. Lt. Peter Cropp gave Plaintiff a notice of seizure and intent of forfeiture pursuant to RCW 69.50. ECF No. 1, at 7. On or about October 29, 2011, Plaintiff sent a request to attend the forfeiture hearing. After three weeks with no reply, he submitted a jail house kite to the PCDC accounting department on November 15, 2011 requesting a list of transactions on his account. Plaintiff claims that there is no record that the $900.00 was seized. *Id.*, at 5-6.

On October 24, 2011, the same day that he was arrested, the Department of Social and Health Services, Division of Child Support (DCS) sent an Order to Withhold and Deliver (Chapters 74.20 and 74.20A RCW) (Garnishment Order) to the Pierce County Jail (Jail). ECF No. 1, at 8). The Garnishment Order reflects that Plaintiff owes back child support of $3,465.29 and orders monies withheld from all of Plaintiff's in-mate accounts. *Id.*

Plaintiff claims that Lt. Cropp unlawfully seized his $900.00, that Sheriff Pastor and Pierce County failed to properly train and supervise Lt. Cropp in proper seizure and forfeiture procedures, and that H. Lacombe of DCS (Washington State Support Registry), falsified the garnishment notice because it is dated the same date that he was arrested. *Id.,* at 11-12. Plaintiff seeks compensation in the amount of $900.00 to recover the funds seized. In addition, he seeks $1,200 for the loss of a van, $2,300.00 in the van's glovebox (because he could not pay the

ORDER TO AMEND OR SHOW CAUSE- 3

towing bill of $600.00), and punitive damages in the amount of $2,500.00. *Id.*, at 15.  Plaintiff makes no allegation of wrongdoing regarding the $2,300.00 left in the van's glovebox.

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  Washington's Uniform Controlled Substances Act ("the Act") provides that all moneys furnished or intended to be furnished by any person in exchange for a controlled substance are subject to seizure and forfeiture and that no property right exists in such moneys.  *See* RCW 69.50.505(1) and (1)(g).  The Act further provides that seizures of personal property without process may be made if the seizure is made incident to arrest.  RCW 69.50.505(2)(a).  When a seizure is made pursuant to subsection (2) of RCW 69.50.505, proceedings for forfeiture are deemed commenced.  RCW 69.50.505(3).  And, the agency under whose authority the seizure was made is required to serve notice within fifteen days of the seizure "on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein ... of the seizure and intended forfeiture of the seized property." *Id*.

Plaintiff alleges that $900.00 of the money in his possession at the time of his arrest was money left over from a student loan.  He provides no explanation for the $2,300.00 in the "van's glovebox".  Even assuming Plaintiff had a property right in all or any of the seized money, he still fails to assert a viable claim for relief under § 1983.  In order to set forth a prima facie case under § 1983, a plaintiff must establish a deprivation of a federally protected right.  *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).  Plaintiff alleges in his complaint that his due process rights were violated by defendants' conduct.  However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the

ORDER TO AMEND OR SHOW CAUSE- 4

state provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Washington State provides a post-deprivation remedy for the alleged tortious conduct of city and county employees under RCW 4.96.  Plaintiff does not allege any due process inadequacy in the tort remedy provided under RCW 4.96.  Thus, Plaintiff has not alleged a viable claim for relief with respect to any loss of his personal property.

Plaintiff also alleges that Pierce County is liable under § 1983 for failing to properly train and supervise Lt. Cropp in seizure and forfeiture procedures.  However, to prove municipal liability under § 1983, the plaintiff must show that the unconstitutional deprivation of rights arises from a governmental custom, policy, or practice.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A municipality's "policy can be one of action or inaction," although "[b]oth types of claims require that the plaintiff prove a constitutional violation."  *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010).  In the absence of a formal policy, plaintiff must identify a "longstanding practice or custom which constitutes the standard operating procedure" that caused his alleged constitutional deprivation, and this practice or custom cannot be "predicated on isolated or sporadic incidents[.]"  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). Thus, to state a constitutional claim against a municipality, a plaintiff must (1) identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and the specific

ORDER TO AMEND OR SHOW CAUSE- 5

constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff's complaint is devoid of any such allegations.

Although he does not name her as a party, Plaintiff claims that Ms. H. Lacome of WSSR, Child Support Division, should also be included for her part of falsifying the Garnishment notice date of October 24, 2011. ECF No. 9, at 12. However, Plaintiff has failed to state a § 1983 claim against Ms. Lacome. The documents attached to Plaintiff's complaint reflect that he owes back child support in excess of $3,000.00. It appears that on October 24, 2011 when Plaintiff was arrested, DSHS received notice, either from Lt. Cropp or otherwise, that Plaintiff had been arrested and was in possession of over $3,200.00 ($900 in possession and $2,300 in glovebox). Plaintiff does not deny that he owes the child support debt and does not deny that he was arrested with these amounts in his possession. Plaintiff has failed to allege what federal law or provision of the United States Constitution was violated by the issuance of the Garnishment Order.

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each Defendant allegedly took place; and

(3)   the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior

ORDER TO AMEND OR SHOW CAUSE- 6

pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before April 27, 2012.** Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **April 27, 2012, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).** Pursuant to 28

ORDER TO AMEND OR SHOW CAUSE- 7

1  U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or
2  appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a
3  claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless
4  the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

(2)  **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

**DATED** this  29th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8