UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THALMERS RAY JAMES,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LT. PETER CROPP, PAUL PASTOR, and PIERCE COUNTY,<br><br>　　　　　　　　Defendants. | No. C12-5159 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For:  May 11, 2012 |

Before the Court is Plaintiff's motion to dismiss.  ECF No. 12.  Plaintiff Thalmers Ray James filed an application for leave to proceed *in forma pauperis* and a proposed civil rights complaint on February 22, 2012.  ECF No. 1.  The Court granted the application for leave to proceed *in forma pauperis* on March 26, 2012.  ECF No. 8.  After reviewing Mr. James' proposed civil rights complaint, the Court declined to serve it because it is deficient.  On March 29, 2012, the Court ordered Mr. James to amend his complaint or to show cause why it should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  ECF No. 10.  On April 9, 2012, Mr. James sent a letter to the Court Clerk stating that he wishes the court to "throw" his case away.  ECF No. 12.  He states that he does not want to file any case at all and asks the Court to withdraw its order granting him leave to proceed *in forma pauperis.  Id.*

The undersigned construes Mr. James' letter as a motion for voluntary dismissal and recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff's request for waiver of the filing fee should be denied.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

**A.      Voluntary Dismissal**

Rule 41 sets forth the circumstances under which an action may be dismissed.  Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

A complaint has not yet been filed in this matter.  Therefore, the undersigned recommends that Mr. James' voluntary motion to dismiss this action (ECF No. 12) be **GRANTED.**

**B.      Return of $350.00 Filing Fee**

28 U.S.C. § 1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to return the filing fee after dismissal of an action. It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*.  See *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of

REPORT AND RECOMMENDATION  - 2

deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. See, *e.g.*, H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

"Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees that are partially paid or for cancellation of the remaining fee. See *Goins v. Decaro*, 241 F.3d 260, 261-62 (2d Cir.2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Goins*, 241 F.3d at 261.

The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Therefore, the undersigned recommends that Plaintiff's motion for waiver of the filing fee be **DENIED.**

## CONCLUSION

The Court should dismiss this action without prejudice and deny the motion for waiver of filing fee.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

REPORT AND RECOMMENDATION - 3

1 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2 matter for consideration on **May 11, 2012**, as noted in the caption.

    **DATED** this  13th   day of April, 2012.

                                        Karen L. Strombom
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 4